*163 OPINION.
Trammell :
The petitioner claimed a deduction in the taxable year 1925 on account of the demolition of its two buildings. In our opinion, the question as to whether the deduction is allowable depends upon a question of fact, that is, as to whether the petitioner intended *164 at the time of the acquisition of the buildings to demolish them and rebuild. On this question the regulations of the Commissioner, article 142, Regulations 45, 62, 65, and 69, provide as follows:
When a taxpayer buys real estate upon which is erected a building which he proceeds to raze with a view to erecting thereon another building, it will be considered that the taxpayer sustained no deductible loss by reason of the demolition of the old building.
As the Court said in the case of Union Bed & Spring Co. v. Commissioner, 39 Fed. (2d) 383 (Seventh Circuit) :
•We think the true test, in this and in similar cases, is the intention of the taxpayer. If he intends, at the time of purchase, to demolish and rebuild, then the cost of so doing must be considered as part of capital investment, which is consistent with the statute and the regulation.
In this case we think it is clear that the petitioner, at the time of the acquisition of the properties, had no intention of demolishing the buildings. This view is supported by the fact that the petitioner paid out, very soon after the acquisition of the properties, $25,000 in improvements and betterments in order to make the properties more suitable for its trade or business. We also have the fact that the petitioner actually conducted its business in the buildings acquired for some years after acquisition, and from all the testimony we are convinced that the petitioner did not acquire the buildings with a view or intention of demolishing them, and we think that it must follow that as the buildings were demolished in 1925, the petitioner is entitled to a deduction from its income in that year of the depreciated cost of the buildings which amount is stipulated and set out in our findings of fact.

Judgment will be entered under Rule 50.